UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MONICA SALGUERO TRATURYK,

    Plaintiff/Counter-Defendant,

v.                                            Case No: 6:15-cv-1347-Orl-40TBS

WESTERN-SOUTHERN LIFE
ASSURANCE COMPANY,

    Defendant/Counter-Plaintiff.

## ORDER

This cause comes before the Court on the following:

1. Plaintiff's Motion to Dismiss Count II of Defendant's Counterclaim for Declaratory Judgment (Doc. 13, pp. 3–6), filed September 14, 2015;

2. Defendant's Response to Plaintiff's Motion to Dismiss Counterclaim (Doc. 26), filed October 12, 2015;

3. Plaintiff's Motion to Remand and Memorandum of Law (Doc. 15), filed September 21, 2015; and

4. Defendant's Response to Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Doc. 28), filed October 19, 2015.

Upon consideration, the Court denies both of Plaintiff's motions.

**I.    BACKGROUND**

This contract dispute arises out of Defendant's, Western-Southern Life Assurance Company, refusal to pay life insurance benefits to Plaintiff, Monica Salguero Traturyk. In 1994, Plaintiff's mother purchased a life insurance policy from Defendant which provided coverage in the amount of $60,000 (the "Policy"). (Doc. 2, ¶¶ 8, 11, 19). On

December 16, 2013, the Policy lapsed due to non-payment. (*Id.* ¶ 14). Plaintiff's mother eventually made her account current with Defendant and, on March 19, 2014, Defendant re-instated the Policy. (*Id.* ¶ 15–16). On June 19, 2014, Plaintiff's mother passed away. (*Id.* ¶ 20). Plaintiff thereafter made a claim for payment of life insurance benefits as a beneficiary under the Policy. (*Id.* ¶ 21). However, Defendant denied Plaintiff's claim on the grounds that Plaintiff's mother made material misstatements to Defendant regarding the Policy. (*Id.* ¶ 22). Despite Plaintiff's continued demands, Defendant refuses to disburse benefits to Plaintiff. (*Id.* ¶ 23).

Plaintiff initiated this lawsuit in state court on June 29, 2015. (Doc. 2). Defendant thereafter removed the action to this Court. Plaintiff's Complaint alleges one count for breach of contract due to Defendant's failure to pay life insurance benefits under the Policy. On August 20, 2015, Defendant answered Plaintiff's Complaint and asserted counterclaims against Plaintiff for rescission of contract and declaratory judgment. (Doc. 7). Defendant alleges that Plaintiff's mother made multiple misrepresentations to Defendant regarding her medical history when she applied to re-instate the Policy, and that, if Defendant had known her true medical history, Defendant would not have re-instated the Policy. (*Id.* at pp. 5–6). As a result, Defendant claims that it is entitled to rescind the Policy and refund the premiums it collected from Plaintiff's mother after re-instatement. (*Id.*).

Plaintiff now moves to dismiss Defendant's counterclaim for declaratory judgment. Plaintiff additionally moves to remand this case to state court on the grounds that the amount-in-controversy fails to meet the threshold for the Court to exercise diversity jurisdiction.

## II.   PLAINTIFF'S MOTION TO REMAND

Because Plaintiff's Motion to Remand challenges whether this Court has subject matter jurisdiction to resolve this dispute, the Court reviews this issue first.  *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (holding that a federal court must ensure that it has subject matter jurisdiction over a dispute at all times during the proceedings). When a case is removed from state court, the removing party bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).  Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999).

In its Notice of Removal, Defendant invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. 1, ¶ 5).  Section 1332 confers jurisdiction to the district courts over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States."  28 U.S.C. § 1332(a)(1). The parties agree that complete diversity exists among them, but quarrel over whether the amount in controversy exceeds $75,000.  Defendant contends that it does because Plaintiff seeks $60,000 under the Policy plus her reasonable attorney's fees in pursuing her claim.  Plaintiff disagrees, arguing that Defendant cannot prove by a preponderance of the evidence that Plaintiff would recover more than $15,000 in attorney's fees should she win the day.

A district court may consider a plaintiff's claim for attorney's fees in determining the amount in controversy where a statute directly authorizes an award of attorney's fees should the plaintiff prevail on her claim.  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).  Where the plaintiff requests attorney's fees as part of her claim, but does not explicitly identify the value of those fees, the Court may look to evidence in the record to predict the amount of fees the plaintiff would more likely than not recover.  *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).  The Court is also entitled to employ its judicial experience and common sense in estimating the value of attorney's fees likely recoverable in a given case.  *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

In this insurance contract dispute, Florida statutory law requires the Court to award reasonable attorney's fees to Plaintiff should she prevail against Defendant.  *See* Fla. Stat. § 627.428(1).  Defendant must therefore show by a preponderance of the evidence the amount Plaintiff could reasonably recover upon victory.  To that end, Defendant offers the sworn affidavit of Jane Anderson, an attorney with over fifteen years of experience litigating insurance disputes. (Doc. 28-1).  Because Ms. Anderson does not know the fee agreement Plaintiff has with her counsel, she provides two estimates as to what would comprise a reasonable attorney's fee in this case.  First, Ms. Anderson states that a reasonable contingent attorney's fee would range from 33% to 40% of the amount recovered by Plaintiff.  (*Id.* ¶ 6).  Alternatively, Ms. Anderson estimates that a reasonable hourly rate for this type of case would range from $250 to $350 per hour depending on the attorney's experience, with a total hourly workload through trial of 115 hours.  (*Id.* ¶ 7).

Based on the Court's experience and common sense, the Court agrees with Ms. Anderson's appraisal of this case. If Plaintiff's counsel has accepted this case on a contingency basis, it would be customary for counsel to seek an award of at least 33% of the amount Plaintiff recovers. Since Plaintiff demands $60,000 under the Policy, her counsel would be entitled to $19,800 in fees in this scenario, making the amount in controversy at least $79,800. Indeed, any contingency above 25% would push the amount in controversy in this case over the jurisdictional threshold. Likewise, if Plaintiff's counsel is being paid on an hourly basis for this case, it would be reasonable to expect counsel to charge at least $200 per hour. Even rounding Ms. Anderson's experienced judgment of the time required to litigate this case through trial down to 100 hours, Plaintiff's counsel would be entitled to recover at least $20,000 in fees, yielding an amount in controversy of at least $80,000. Finally, the Court observes that Plaintiff has not stipulated or otherwise indicated that her counsel would agree to recover no more than $15,000 in attorney's fees should she prevail. *See Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (finding that a plaintiff's refusal to stipulate to the amount in controversy is one factor to consider in determining whether a federal court can exercise diversity jurisdiction). For these reasons, the Court is satisfied that the amount in controversy exceeds the jurisdictional threshold and Plaintiff's Motion to Remand will be denied.

### III.   PLAINTIFF'S MOTION TO DISMISS

Next, Plaintiff moves to dismiss Defendant's counterclaim for declaratory judgment pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court evaluates a motion to dismiss a counterclaim under the same standards as a motion to dismiss a complaint.

*See Burger King Corp. v. Holder*, 844 F. Supp. 1528, 1529 (S.D. Fla. 1993). A counterclaim must therefore "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the counter-plaintiff alleges enough facts that "allow[] the court to draw the reasonable inference that the [counter-]defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim are not enough and the district court need not give any credence to legal conclusions that are not supported by sufficient factual material. *Id.* District courts must accept all well-pleaded allegations within the counterclaim as true and read the counterclaim in the light most favorable to its plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994).

The Declaratory Judgment Act grants to the federal district courts the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. An essential element for every declaratory judgment action is the existence of an "actual controversy" between the parties. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239–40 (1937). An actual controversy exists where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Ordinarily, a controversy is not sufficiently immediate or real where the parties' dispute is only hypothetical and not yet ripe, has been rendered moot, or where the court's resolution of the matter would be purely academic. *See Aetna Life Ins. Co.*, 300 U.S. at 240–41; *Texas v. United States*, 523 U.S. 296, 300 (1998). On the other hand, a court should permit a claim for declaratory judgment to proceed where

declaratory relief would (1) "serve a useful purpose in clarifying and settling the legal relations in issue," and (2) "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004); *accord Allstate Ins. Co. v. Emp'rs Liab. Assurance Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971).[1]

Plaintiff moves to dismiss Defendant's counterclaim for declaratory judgment on two grounds. First, Plaintiff contends that Defendant fails to state a claim for declaratory judgment because Defendant has alleged no need for the declaration it seeks. Plaintiff reasons that Defendant's failure to seek a declaratory judgment prior to breaching its duties under the Policy renders declaratory relief in this case moot, as Defendant has already taken the action it now asks the Court to declare valid. The Court therefore construes Plaintiff's argument as stating that Defendant has not alleged an actual controversy.

However, just because Defendant did not seek a declaratory judgment prior to deciding not to disburse the Policy's benefits to Plaintiff does not mean that there is no longer an actual controversy to be resolved. To the contrary, based on the parties' pleadings, it appears that the propriety of Defendant's decision not to pay benefits to Plaintiff remains hotly contested and affects the parties' immediate and real legal rights. Moreover, a declaration resolving Defendant's right to rescind under the Policy would serve a useful purpose and terminate the issues in dispute. Accordingly, Defendant

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

alleges an actual controversy which may be adjudicated under the Declaratory Judgment Act.

Second, Plaintiff asserts that Defendant's counterclaim for declaratory judgment will be resolved by Plaintiff's claim for breach of contract, thus rendering the counterclaim unnecessary. Plaintiff therefore essentially argues that Defendant's counterclaim for declaratory judgment is redundant of Plaintiff's breach of contract claim. However, "motions to dismiss made under Rule 12(b)(6) only test the validity of a claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid." *Wichael v. Wal-Mart Stores E., LP*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014).

Here, the Court finds Defendant's counterclaim to be legally sufficient because Defendant has alleged an actual controversy between the parties and a declaration would serve a useful purpose in resolving that controversy. Moreover, the Court disagrees that Plaintiff's breach of contract claim would necessarily resolve Defendant's declaratory judgment claim. Defendant's success on Plaintiff's breach of contract claim would only answer whether Defendant breached the Policy by not paying benefits to Plaintiff, not whether Defendant is entitled to rescind the Policy. Defendant's declaratory judgment claim could therefore afford additional relief to Defendant by permitting the legal fiction that the Policy never existed as re-instated.[2] As a result, Defendant's declaratory judgment counterclaim will not be dismissed on redundancy grounds.

---

[2] It is not lost on the Court that Defendant's declaratory judgment counterclaim might be redundant of its rescission counterclaim. However, even if Plaintiff had raised the issue, the Court would deny the motion for the same reason: redundant claims are not subject to dismissal under Rule 12(b)(6).

8

## IV.     CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Dismiss Count II of Defendant's Counterclaim for Declaratory Judgment (Doc. 13, pp. 3–6) is **DENIED**.  Plaintiff shall answer Count II of Defendant's Counterclaim within **fourteen (14) days** of this Order.

2. Plaintiff's Motion to Remand (Doc. 15) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 24, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record